### J. N. JONES *v.* PARMELIA ALEXANDER, ET AL.

**Promissory Note—Alteration After Execution.**

>   Where a memorandum is made at the bottom of a note by one of the makers, below the signatures that "interest on this note 10 per cent." it is not an alteration of the note and is no part of the note and the holder is entitled to recover the amount of said note according to the stipulations made in the body thereof, the added words being no part of said note.

#### APPEAL FROM WARREN CIRCUIT COURT.

December 5, 1876.

OPINION BY JUDGE ELLIOTT:

Henry S. Alexander was indebted to appellant for cattle, and having promised him to give him his note with ten per cent. interest from the date thereof, he, on the 28th of July, wrote a note to said appellant for two hundred fifty dollars, due four months after

date, and signed it himself and procured the signature of his mother, Parmelia Alexander, thereto. Afterwards, and before said Henry S. Alexander delivered the note to the appellant, he wrote below his own and his mother's signature to the note these words, "Interest on this note 10 per cent."

He then took the note to appellant, who looked at it and remarked that it failed to bear interest from date at ten per cent., and therefore did not comply with the contract, whereupon said appellee, H. S. Alexander, pointed out the memorandum on the note below his and sureties' signatures and said it was all right, and appellant took the note. Appellees having failed to discharge the note, appellant has brought this suit to coerce its payment. The appellant sets out the agreement of appellee, H. S. Alexander, to execute a note for the amount due him, worth ten per cent. interest from date, and charges that the interest was left out of said note. The proof is that appellee, Parmelia Alexander, signed her name to the note before the memorandum as to the interest was made, and that same was afterwards made by appellee, H. L. Alexander, without her knowledge or consent, and the court below held that it was a material alteration and avoided the entire note as to Mrs. Alexander.

The memorandum as to interest is below the signatures of the obligors to the note, and is without date, and according to the proof was made after the note was executed and was no part of the contract of appellee, Parmelia Alexander, when she executed the contract, and we are therefore of opinion that the same was no part of the written promise contained in the note which was signed by the appellees.

The obligors' names should be signed at the end or close of the written instrument, and if so done and a memorandum is afterwards made below said signatures by one of the obligors, it will not be treated as a part of the instrument. Such a memorandum cannot be considered an alteration of the written instrument because not inserted in the body thereof, and it cannot be considered as another contract qualifying the original one and executed simultaneously therewith because it does not show that it was executed by the same parties who executed the original.

We are, therefore, of the opinion that the memorandum made on the note after its execution by the appellee, H. S. Alexander, was no alteration of said note, and that the appellant is entitled to recover the amount of said note according to the stipulations made in the

body thereof, said memorandum as to interest being no part of the written instrument and a nullity in this proceeding.

Wherefore said judgment is *reversed* and cause remanded for furthere proceedings consistent herewith.

*H. T. Clark, for appellant. W. E. Settle, for appellees.*